UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHELLE LINN,<br><br>        Plaintiff,<br><br>v.<br><br>OPTION ONE MORTGAGE, CUSTOM FINANCIAL MORTGAGE CORP., SELECT PORTFOLIO SERVICING, U.S. BANK NATIONAL AS TRUSTEE, SUCCESSOR IN INTEREST TO WACHOVIA BANK, N.A. AS TRUSTEE FOR CHASE FUND LOAN ACQUISITION TRUST, MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2004-OPT1,<br><br>        Defendants. | CIVIL ACTION NO. 1:22-cv-11535 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Select Portfolio Servicing, Inc. ("SPS") and U.S. Bank National Association as Trustee, successor in interest to Wachovia Bank, N.A. as Trustee for Chase Funding Loan Acquisition Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1 (the "Trust"), hereby remove the above-captioned action from Massachusetts Superior Court, Plymouth County, to this Court based on the following supported grounds:

### I.    PROCEDURAL BACKGROUND AND NATURE OF ACTION

1.    On or about August 29, 2022, Plaintiff, Michelle Linn ("Linn"), filed a Verified Complaint (the "Complaint") in Massachusetts Superior Court, Plymouth County, captioned *Michelle Linn v. Option One Mortgage, Custom Financial Mortgage Corp., Select Portfolio Servicing, Inc., U.S. Bank National as Trustee, Successor in Interest to Wachovia Bank, N.A., as*

*Trustee for Chase Fund Loan Acquisition Trust, Mortgage Loan Asset Backed Certificates, Series 2004-OPT1*, bearing Civil Action No. 2283CV00626. (A copy of the Complaint is attached hereto as <u>Exhibit A</u>.)

2.     SPS and the Trust learned of this lawsuit through correspondence received from Linn's counsel, who provided a copy of the *Complaint* and *Motion Top [sic] a Preliminary Injunction Temporary Restraining Order* to the Trust's foreclosure counsel on or about August 29, 2022. To the best of SPS and the Trust's knowledge, Linn has not served any defendant in accord with the applicable Rules of Civil Procedure. SPS and the Trust reserve all rights to challenge service of process.

3.     The Complaint arises from a mortgage (the "Mortgage") Linn granted encumbering real property known as 627 Auburn Street, Whitman, Massachusetts (the "Property"). (A copy of the Mortgage is attached hereto as <u>Exhibit B</u>.)

4.     Through the Complaint, Linn challenges the Trust's right to foreclose on the Mortgage based on the claims that (i) Linn's Mortgage and underlying promissory note (the "Note") (together with the Mortgage, the "Loan") contained characteristics of a predatory loan; (ii) Linn was not granted a modification of the Loan, despite her numerous requests; and (iii) the Trust has not produced the original Note for inspection. Specifically, the Complaint claims that the Loan terms were predatory, in violation of Attorney General Regulations 940 CMR 7.00 (debt collection regulations) and 940 CMR 8.00 (mortgage broker and mortgage lender regulations) (Count I); that SPS and the Trust violated G.L. c. 244, §§ 35A & 35B by failing to grant Linn a loan modification (Count II); the Trust violated G.L. c. 106, § 3-301 because it is foreclosing on the Property without holding the original Note (Count III); and, SPS and the Trust breached the

Implied Covenant of Good Faith and Fair Dealing in connection with Linn's requests for a loan modification (Count IV). (*See generally*, Ex. A.)

## II. THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION

5. The United States Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

### A. Diversity of Citizenship

6. There is complete diversity of citizenship under 28 U.S.C. § 1332(a) between the parties to support this Court's diversity jurisdiction over this action.

7. Linn is a citizen of Massachusetts. (*See* Ex. A, ¶ A.)

8. SPS is a corporation organized under the laws of the state of Utah, with its principal place of business in Utah. (*See* Ex. A, ¶ D.) Therefore, under 28 U.S.C. § 1332(c)(1), SPS is a citizen of Utah for purposes of diversity jurisdiction.

9. The Trust is a national banking organization with its main office as designated in its Articles of Association in Minneapolis, Minnesota. The Trust is, therefore, a citizen of Minnesota for purposes of determining diversity jurisdiction. *See* 28 U.S.C. §§ 1332(c) & 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (stating that a national bank is a citizen of the State designated in its articles of association as its main office).

10. Option One Mortgage ("Option One") is alleged to be corporation organized under the laws of the state of California, with a principal place of business in California. (*See* Ex. A, ¶ C.)

11.     Although Custom Financial Mortgage Corp. ("Custom") is identified as a Massachusetts corporation with a principal place of business in Hingham, Massachusetts (s*ee* Ex. A, ¶ B), Linn improperly joined Custom as a defendant in this action. Custom is alleged to be the mortgage broker that originated the Loan. It is well settled in Massachusetts that, when assessing the propriety of a removal to federal court based on diversity jurisdiction, the Court must disregard the citizenship of any defendant that was fraudulently joined in the action as a means to defeat diversity. *See Carey v. Board of Governors of the Kernwood Country Club*, 337 F.Supp.2d 339, 341 (D. Mass. 2004) ("[i]f a request for remand is based upon a fraudulent joinder of a non-diverse defendant without a real connection to the controversy, the right of removal cannot be defeated and remand is inappropriate."). "[U]nder the doctrine of fraudulent joinder, removal is not defeated by the joinder of a non-diverse defendant where there is no reasonable possibility that the state's highest court would find that the complaint states a cause of action upon which relief may be granted against the non-diverse defendant." *Universal Truck & Equip. Co. v. Southworth-Milton, Inc.*, 765 F.3d 103, 108 (1st Cir. 2014). "Courts have thus recognized that a statute of limitations defense is properly considered in connection with a fraudulent joinder inquiry." *In re Briscoe*, 448 F.3d 201, 219 (3rd Cir. 2006) *citing LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998). "Fraudulent joinder describes any improper joinder, so a defendant need not prove that the plaintiff intended to mislead or deceive in order to sustain its burden." *Antonucci v. Cherry Hill Manor*, 200 U.S. Dist. LEXIS 65921, *5 (D.R.I. Aug. 22, 2006).

12.     Here, Linn's claims against Custom, have no reasonable basis in fact or law because Custom is not, and never was, a party to the Loan. Furthermore, the Complaint does not assert any causes of action against Custom and to the extent the Complaint can be contorted to assert any claim against Custom, such claims are well-beyond the statute of limitations, and otherwise fail as

a matter of law. To the extent Count I of the Complaint is construed to assert a cause of action against Custom (which SPS and the Trust deny), such claims fail because Linn lacks a private cause of action to enforce Attorney General regulations. *See Jones v. NCO Fin. Servs.*, 2014 U.S. Dist. LEXIS 161169 (D. Mass. Nov. 14, 2014) ("[w]ithout an enabling statute to support it, a private cause of action cannot be inferred solely from an agency regulation."). Moreover, even if a claim against Custom were properly pleaded, such claim would be barred by Chapter 93A's four year statute of limitations, where the Loan origination occurred more than eighteen (18) years ago (*see* Ex. A, ¶¶ 1-2; *see also* Ex. B). *See O'Brien v. Deutsche Bank Nat'l Trust Co.*, 948 F.3d 31, 35 (1st Cir. 2020) (the statute of limitations on mortgage origination claims begins to run at the inception of the loan). Accordingly, Linn's fraudulent joinder of Custom does not defeat subject matter jurisdiction based on diversity, where "the right to removal cannot be defeated" by including a non-diverse defendant without a real connection to the litigation. *Carey*, 337 F. Supp. 2d at 341.

13.     Thus, complete diversity of citizenship is established as between Linn (a citizen of Massachusetts), SPS (a citizen of Utah), the Trust (a citizen of Minnesota), and Option One (a citizen of California).

   **B.     Amount in Controversy**

14.     Diversity jurisdiction is further established where the amount in controversy exceeds $75,000.00.

15.     In her Complaint, Linn has placed the right to title to the Property at issue. Where the right to enforce a mortgage loan is at issue, the original principal amount of the mortgage may constitute the amount in controversy for diversity jurisdiction purposes. *See McKenna v. Wells Fargo Bank, N.A.*, 693 F.3d 207, 211-12 (1st Cir. 2012) (considering, among other potential tests,

the loan amount as amount in controversy in cases where complaint seeks to invalidate a loan secured by a mortgage); *McLarnon v. Deutsche Bank National Trust Company*, C.A.15-11799-FDS, 2015 U.S. Dist. LEXIS 89840, at *7-9 (D. Mass. July 10, 2015) (holding that amount in controversy can be determined by the face value of the loan in question) The original principal amount of the Mortgage is $216,000.00. (*See* Ex. B.) Thus, the amount in controversy exceeds $75,000.00.

16. Based on the foregoing, this Court has jurisdiction over this action based upon diversity of citizenship and amount in controversy pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

### III.   SPS AND THE TRUST HAVE COMPLIED WITH ALL PREREQUISITES FOR REMOVAL

17. Given that the lawsuit was filed on August 29, 2022, and service has not been effectuated on SPS or the Trust, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1). *See, e.g., Novak v. Bank of N.Y. Mellon Trust Co., NA,* 783 F.3d 910, 911 (1st Cir. 2015) ("[W]e conclude that service is generally not a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends.").

18. Additionally, venue properly lies in the District of Massachusetts because Linn's claims arise out of the Mortgage encumbering the Property located in Whitman, Massachusetts, and Linn commenced this action initially in Massachusetts Superior Court, Plymouth County.

19. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this removal notice will be given to Linn's counsel and will be filed with the appropriate clerk, following filing of this Notice of Removal.

20. Within 28 days of filing this Notice of Removal, the Trust will file certified copies of the docket sheet and all document filed in the state court action, pursuant to L.R. 81.1(a).

1054555\311584380.v1

21.     SPS and the Trust reserve the right to amend or supplement this Notice of Removal and reserves all rights and defenses in this action, including those available under Fed. R. Civ. P. 12.

**WHEREFORE**, defendants Select Portfolio Servicing, Inc. and U.S. Bank National Association as Trustee, successor in interest to Wachovia Bank, N.A. as Trustee for Chase Funding Loan Acquisition Trust Mortgage Loan Asset-Backed Certificates, Series 2004-OPT1 hereby remove this action from the Massachusetts Superior Court, Plymouth County, to the United States District Court for the District of Massachusetts.

SELECT PORTFOLIO SERVICING, INC.
and U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE, SUCCESSOR IN INTEREST
TO WACHOVIA BANK, N.A. AS TRUSTEE
FOR CHASE FUND LOAN ACQUISITION
TRUST, MORTGAGE LOAN ASSET
BACKED CERTIFICATES, SERIES 2004-
OPT1

By: Their Attorneys

 */s/ Hale Yazicioglu Lake*
Hale Yazicioglu Lake, BBO #679480
Donald W. Seeley Jr., BBO #663568
Hinshaw & Culbertson LLP
53 State Street, 27th Floor
Boston, MA 02109
Phone: 617-213-7000
Fax: 617-213-7001
hlake@hinshawlaw.com.com
dseeley@hinshawlaw.com

Dated:       September 19, 2022

1054555\311584380.v1

## CERTIFICATE OF SERVICE

I, Hale Yazicioglu Lake, hereby certify that on this 19th day of September 2022, I served a true and accurate copy of the foregoing document to the following by overnight mail and e-mail as follows:

Robert K. Cabana, Esq.
1354 Hancock Street, Suite 206
Quincy, MA 02169
Rkc6068@aol.com

                                         */s/ Hale Yazicioglu Lake*
                                         Hale Yazicioglu Lake

1054555\311584380.v1