UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MICHELLE LINN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:22-cv-11535-IT |
| | * | |
| OPTION ONE MORTGAGE, CUSTOM | * | |
| FINANCIAL MORTGAGE CORP., | * | |
| SELECT PORTFOLIO SERVICING, U.S. | * | |
| BANK NATIONAL AS TRUSTEE, | * | |
| SUCCESSOR IN INTEREST TO | * | |
| WACHOVIA BANK, N.A. AS TRUSTEE | * | |
| FOR CHASE FUND LOAN ACQUISITION | * | |
| TRUST, MORTGAGE LOAN ASSET | * | |
| BACKED CERTIFICATES, SERIES 200- | * | |
| OPT1, | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

January 17, 2024

TALWANI, D.J.

This dispute involves a mortgage and a pending home foreclosure. Plaintiff Michelle

Linn, the homeowner, brought suit against Defendants, the mortgage originator and its

successors-in-interest and their servicer, challenging the circumstances surrounding the initial

mortgage, the terms of the initial mortgage, the loan modification processes, and the pending

foreclosure. Notice of Removal, Ex. A ("Compl.") [Doc. No. 1-1]. Pending before the court is

the Motion for Judgment on the Pleadings [Doc. No. 19] filed by Defendants Select Portfolio

Servicing, Inc. ("SPS"), and U.S. Bank, National Association as Trustee, successor in interest to

Wachovia Bank, N.A., as Trustee for Chase Funding Loan Acquisition Trust Mortgage Loan

Asset-Backed Certificates, Series 2004-OPT1 (the "Trust").[1] For the following reasons, Defendants' Motion is GRANTED.

## I.      Background as Set forth in the Verified Complaint and Undisputed Documents

On April 30, 2004, Plaintiff and her husband executed a mortgage on their home through Defendant Option One Mortgage for a principal sum of $216,000.00. Compl. ¶ 2 [Doc. No. 1-1]; Notice of Removal, Ex. B ("Mortgage") [Doc. No. 1-2]. That same day, Plaintiff and her husband executed an Adjustable Rate Note (the "Note"). State Ct. R. 87 ("Adjustable Rate Note") [Doc. No. 5]. The Note provided, in part, that "[Plaintiff] and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor." Id. at ¶ 10. The initial mortgage was most recently assigned to U.S. Bank National Association as Trustee.[2] Compl. ¶ 13 [Doc. No. 1-1]. SPS became the mortgage servicer as of February 12, 2013.[3] Id.

---

[1] The court dismissed the other named parties without prejudice. See Elec. Clerk's Notes for December 21, 2022 Proceeding [Doc. No. 17] (dismissing Option One Mortgage on Plaintiff's oral motion); Elec. Order [Doc. No. 18] (dismissing Custom Financial Mortgage Corp. for lack of service).

[2] On October 4, 2005, the mortgage assignment to Chase Manhattan Mortgage Corporation, dated May 6, 2004, was recorded with the Registry of Deeds, Book 31464, Page 171. Declaration of Donald W. Seeley Jr. ("Seeley Decl.") ¶ 4(c), Ex. C [Doc. No. 21-3]; Compl. ¶ 11 [Doc. No. 1-1]. On February 12, 2013, an Assignment of Mortgage from JP Morgan Chase Bank, National Association, successor by merger to Chase Home Finance, LLC, successor by merger to Chase Manhattan Mortgage Corporation to U.S. Bank National Association as Trustee, successor in interest to Wachovia Bank, N.A., as Trustee for Chase Funding Loan Acquisition Trust, Mortgage Loan Asset Backed Certificates, Series 2004-OPT1, was recorded with the Registry in Book 42672, Page 133. Seeley Decl. ¶ 4(d), Ex. D [Doc. No. 21-4]; Compl. ¶ 13 [Doc. No. 1-1].

[3] Defendants claim SPS became the loan servicer on or about November 1, 2013. Def.'s Answer to Compl. ¶ 13 [Doc. No. 1-1]. The disputed dates are not relevant to the outcome of the instant motion.

On October 11, 2013, Plaintiff and her husband entered into a Loan Modification Agreement with JP Morgan Chase Bank N.A. that reflected a new principal balance on the Note of $259,672.32. Seeley Decl. ¶ 4(b), Ex. B [ECF 21-2].

In 2014, after multiple unsuccessful further loan modification applications, Plaintiff and her husband defaulted on the mortgage and filed for bankruptcy protection to prevent foreclosure. Compl. ¶ 16 [Doc. No. 1-1]. Plaintiff alleges that between January 2016 and July 2022, she sent loan modification paperwork to SPS on more than thirty occasions. Id. at ¶ 11.

On November 21, 2018,[4] Defendants recorded an Affidavit Pursuant to M.G.L. ch. 244, §§ 35B, 35C ("35B/35C Affidavit") attesting to Defendants' ownership of the Note and Mortgage and their compliance with M.G.L. 35B's requirements. Id. at ¶ 44; Seeley Decl., Ex. E (Affidavit Pursuant to M.G.L. ch. 244) [Doc. 21-5].

At some point, Defendants noticed a foreclosure auction for September 6, 2022. Compl. ¶ 19 [Doc. No. 1-1].

## II.     Procedural Background

Plaintiff brought suit to enjoin the foreclosure sale in August 2022 in Massachusetts Superior Court, Plymouth County. Plaintiff's Complaint asserts four counts. First, Plaintiff alleges that Defendants' conduct in issuing the mortgage violated M.G.L. ch. 93A, § 2; the initial mortgage loan violated M.G.L. ch. 183, §§ 28C, 64, ch. 183C, § 2, and ch. 140D, § 1; and the initial mortgage loan is unenforceable due to the unconscionability doctrine, based on alleged violations of Code of Massachusetts Regulations, including 940 CMR 8.05 & 8.06(3) (Count I).

---

[4] Plaintiff asserts that the affidavit was submitted November 21, 2020, and cites to a document not attached to the Complaint or the State Court Record. Compl. ¶ 44 [Doc. No. 1-1]. The court finds the alleged date discrepancy immaterial to the outcome of the instant motion.

Id. at ¶¶ 24-37. Second, Plaintiff alleges that Defendants' foreclosure of Plaintiff's property violates M.G.L. ch. 244, §§ 35A-35C and that Defendants' 35B/35C Affidavit that SPS abided by M.G.L. ch. 244, § 35B is false or deficient (Count II). Id. at ¶¶ 38-54. Third, Plaintiff alleges that Defendants failed to present the Note, pursuant to M.G.L. ch. 106, § 3-501, and thereby failed to act in good faith, pursuant to M.G.L. § 1-201(b)(20) (Count III). Id. at ¶¶ 55-57. And, finally, Plaintiff alleges that Defendants breached the implied covenant of good faith and fair dealing with regard to the mortgage (Count IV). Id. at ¶¶ 58-62.

On September 1, 2022, the Superior Court allowed Plaintiff's requested Preliminary Injunction and enjoined the sale. State Ct. R. 5 [Doc. No. 5].

Defendants removed the matter to this court on September 20, 2022, Notice of Removal [Doc. No. 1], and filed their Answer [Doc. No. 10] on November 7, 2022.

Now before the court is Defendants' Motion for Judgment on the Pleadings [Doc. No. 19]. Defendants argue the complaint fails to satisfy the pleading requirements of Fed. R. Civ. P. 8, that the four counts fail to assert a viable claim for which relief can be granted, and that some of the counts are time-barred.

### III.    Standard of Review

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Where "a motion for judgment on the pleadings 'is employed as a vehicle to test the plausibility of a complaint, it must be evaluated as if it were a motion to dismiss.'" Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading for relief to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) requires each allegation in a pleading be "simple, concise,

and direct." "The purpose of a clear and succinct pleading is to give a defendant fair notice of the claim and its basis as well as to provide an opportunity for a cogent answer and defense." Belanger v. BNY Mellon Asset Mgmt., LLC, 307 F.R.D. 55, 57 (D. Mass. 2015) (citing Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 84 (1st Cir. 2008)).

In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). However, while a court must credit "well-pleaded facts, . . . 'bald assertions [and] unsupportable conclusions,'" need not be credited. See LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 508 (1st Cir. 1998) (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)).

To survive dismissal, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 555 (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"While most Rule 12(b)(6) motions are premised on a plaintiff's putative failure to state an actionable claim, such a motion may sometimes be premised on the inevitable success of an affirmative defense." Nisselson, 469 F.3d at 150. A court may allow a Rule 12(b)(6) motion based on an affirmative defense if "(i) the facts establishing the defense are definitively ascertainable from the complaint and the other allowable sources of information, and (ii) those

facts suffice to establish the affirmative defense with certitude." Id. (quoting Rodi v. S. New England Sch. of L., 389 F.3d 5, 12 (1st Cir. 2004)).

## IV.   Discussion

### A.   Plaintiff's Unfair and Deceptive Practices, Predatory Loan, and Unconscionability Claims (Count One)

#### 1.   Unfair and Deceptive Practices Under M.G.L. ch. 93A, § 2

"[Massachusetts] General Laws c[hapter] 93A seeks to provide a more equitable balance in the relationship of consumers to persons conducting business activities and prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce." Laramie v. Philip Morris USA Inc., 488 Mass. 399, 408, 173 N.E.3d 731 (2021). To state a claim under chapter 93A, § 9, "a plaintiff must allege facts sufficient to establish four elements: first, that the defendant has committed an unfair or deceptive act or practice; second, that the unfair or deceptive act or practice occurred 'in the conduct of any trade or commerce'; third, that the plaintiff suffered an injury; and fourth, that the defendant's unfair or deceptive conduct was a cause of the injury." Rafferty v. Merck & Co., 479 Mass. 141, 161, 92 N.E.3d 1205 (2018) (quoting M.G.L. ch. 93A, § 2(a)).

"The limitations period for chapter 93A actions is four years from injury." Latson v. Plaza Home Mortg., Inc., 708 F.3d 324, 326 (1st Cir. 2013). "A cause of action accrues when the plaintiff can file suit and obtain relief." O'Brien v. Deutsche Bank Nat'l Tr. Co., 948 F.3d 31, 35 (1st Cir. 2020) (quoting Quality Cleaning Prods. R.C., Inc. v. SCA Tissue N. Am., LLC, 794 F.3d 200, 203 (1st Cir. 2015)). The Massachusetts discovery rule tolls the statute of limitations until such time that "a plaintiff discovers, or any earlier date when she should reasonably have discovered, that she has been harmed or may have been harmed by the defendant's conduct."

Epstein v. C.R. Bard, Inc., 460 F.3d 183, 187 (1st Cir. 2006) (quoting Bowen v. Eli Lilly & Co., 408 Mass. 204, 205, 557 N.E.2d 739 (1990)).

Plaintiff contends that the terms of her initial mortgage were unfair and deceptive. Compl. ¶ 24 [Doc. No. 1-1]. Further, Plaintiff alleges that the conduct surrounding the initial mortgage by Defendants' predecessor in interest, Custom Financial Mortgage Corp., was unfair and deceptive. Id. at ¶ 35. Defendants assert that Plaintiff's 93A claims regarding the loan's origination are time-barred and that Plaintiff failed to send the requisite 93A demand letter prior to bringing suit. Def.'s Mem. 9 [Doc. No. 20]. Plaintiff responds that because she was a first-time home buyer, she was, as was reasonable in her position, not aware she had been harmed at the time of the loan's origination. Pl.'s Mem. in Sup. Of Opp'n to Def.'s MJOP ("Pl.'s Mem.") 6 [Doc. No. 27]. Finally, Plaintiff contends that the discovery rule tolled the statute of limitations until 2021, when she spoke with an attorney and discovered M.G.L. ch. 93A provided a remedy for unfair and deceptive acts in commerce. Id. at 6-7.

Plaintiff cites no authority for the proposition that the discovery rule should apply not to discovery of an injury, but rather discovery of available legal recourse. Accordingly, the court applies the standard discovery rule to Plaintiff's claims regarding her mortgage. See Harrington v. Costello, 467 Mass. 720, 729, 7 N.E.3d 449 (2014) (holding accrual under the discovery rule occurs when plaintiff learns he has been harmed, not when plaintiff learns that harm is legally cognizable). "Under Massachusetts law, 'one who signs a writing that is designed to serve as a legal document . . . is presumed to know its contents.'" Salois v. Dime Sav. Bank of N.Y., FSB, 128 F.3d 20, 26 n.10 (1st Cir. 1997) (quoting Hull v. Attleboro Sav. Bank, 33 Mass. App. Ct. 18, 24  596 N.E.2d 358 (1992)).

Here, where Plaintiff's 93A claims arise from her 2004 mortgage, "the loan documents contained the information reasonably necessary to put [Plaintiff] on notice of her claim." Broderick v. PNC Fin. Servs. Grp., Inc., 919 F. Supp. 2d 178, 182 (D. Mass. 2013). Under Massachusetts law, Plaintiff is presumed to have been on notice for the contents of the 2004 mortgage when she signed it. As such, the four-year statute of limitations began to accrue on April 30, 2004, and ran on May 1, 2008. Accordingly, Count I, insofar as it invokes M.G.L. ch. 93A regarding the 2004 Mortgage, is barred by the statute of limitations.

2.   Predatory Loan Claim (M.G.L. ch. 183, §§ 28C, 64, ch. 183C, § 2, ch. 140D, § 1)

Plaintiff additionally raises a predatory loan claim along with a litany of statutory citations (to wit, M.G.L chs. 140D, § 1; 183, § 28C; 183C, § 2; 183, § 64; 93A; 106, § 3-305; and 940 CMR § 8.06).[5] Compl. ¶ 27 [Doc. No. 1-1]. Defendants contend this claim, too, is time-barred. Def.'s Mem. 9-11 [Doc. No. 20]. Further, Defendants claim that, as assignees, they cannot be held liable for any allegedly deceptive acts of the assignor preceding and during the loan's origination. Id. at 11-12.

Starting with the statute of limitations, chapter 183C provides generally for a five-year statute of limitations for claims based on predatory home loan practices. See M.G.L. ch. 183C,

---

[5] Massachusetts Consumer Credit Cost Disclosure Act, M.G.L. ch. 140D, § 1 et seq., concerns consumer disclosures regarding the actual costs of uses of credit and loans.

M.G.L. ch. 183, § 28C prohibits making a home loan that "pays off all or part of an existing home loan that was consummated within the prior 60 months . . . unless the refinancing is in the borrower's interest." Plaintiff does not provide a date or documentation for the alleged second mortgage. Compl. ¶¶ 4-6 [Doc. No. 1-1]; Pl.'s Mem. ¶¶ 4-5 [Doc. No. 27].

M.G.L. ch. 183C, § 2 provides definitions for ch. 183 Predatory Home Loan Practices.

M.G.L. ch. 183, § 64 protects mortgagors from discrimination on the basis of the location of the property. Plaintiff provides no factual allegations about location-based discrimination.

§ 15(b)(1); <u>Da Silva v. U.S. Bank, N.A.</u>, 885 F. Supp. 2d 500, 504 (D. Mass. 2012). However, "[a] borrower may, <u>at any time during the term of a high-cost home mortgage loan</u>, employ any [] claim, [] including a claim for a violation of this chapter, after an action to collect on the home loan or foreclose on the collateral securing the home loan has been initiated. . . ." M.G.L. § 15(b)(2) (emphasis added).[6]

Plaintiff does not allege that the 2004 mortgage loan met either qualifying feature of a "high-cost home mortgage loan" pursuant to chapter 183C, § 2. However, even inferring that Plaintiff's original mortgage loan qualified as a high-cost home mortgage loan by virtue of exceeding the outlined interest ceiling, Plaintiff has not alleged facts to support a claim that this action was brought during the term of that original mortgage loan or that the loan currently meets the features of a "high-cost mortgage loan" after the 2013 Loan Modification Agreement. Therefore, the court applies the five-year statute of limitations prescribed in M.G.L. ch. 183C,

---

[6] A high-cost home mortgage loan is:

a consumer credit transaction that is secured by the borrower's principal dwelling, other than a reverse mortgage transaction, a home mortgage loan that meets 1 of the following conditions:

(i) the annual percentage rate at consummation will exceed by more than 8 percentage points for first-lien loans, or by more than 9 percentage points for subordinate-lien loans, the yield on United States Treasury securities having comparable periods of maturity to the loan maturity as of the fifteenth day of the month immediately preceding the month in which the application for the extension of credit is received by the lender; and when calculating the annual percentage rate for adjustable rate loans, the lender shall use the interest rate that would be effective once the introductory rate has expired.

(ii) Excluding either a conventional prepayment penalty or up to 2 bona fide discount points, the total points and fees exceed the greater of 5 per cent of the total loan amount or $400; the $400 figure shall be adjusted annually by the commissioner of banks on January 1 by the annual percentage change in the Consumer Price Index that was reported on the preceding June 1.

M.G.L. ch. 183C, § 2.

§ 15(b)(1). As such, the predatory loan claims regarding the 2004 Mortgage loan accrued on the date of closing, April 30, 2004, and are thus time barred as of May 1, 2009. Alternatively, if the mortgage loan was a 'high-cost mortgage loan' when originated, this action is still untimely where it was filed after the loan modification agreement was executed on November 11, 2013.[7]

Plaintiff argues chapter 183, § 64, "has no statute of limitations." Pl.'s Mem. 11 [Doc. No. 27]. But that provision requires that a party bringing such a claim "must first exhaust his administrative remedies through the appropriate mortgage review board established pursuant to [ch. 167, § 14A.]" Plaintiff does not assert she has done so. Further, Plaintiff has not alleged any facts that give rise to a claim of housing discrimination based on location under ch. 183, § 64.

Accordingly, Plaintiff's predatory loan claims regarding the 2004 Mortgage are DISMISSED.

3. Unconscionability

"Unconscionability—'determined on a case-by-case basis, with particular attention to whether the challenged provision could result in oppression and unfair surprise to the disadvantaged party'—is a common law affirmative defense to the enforcement of a contract and may be raised against an original contracting party or that party's assignee." In re Haro Acuna, No. 18-10664-MSH, 2020 WL 4551300, at *11 (Bankr. D. Mass. Aug. 6, 2020) (quoting Drakopoulos v. U.S. Bank N.A., 465 Mass. 775, 786, 991 N.E.2d 1086 (2013)).

> The principle of unconscionability is addressed in the Uniform Commercial
> Code, and the Supreme Judicial Court has applied the principles of

---

[7] Plaintiff additionally asserts claims under 940 Code of Massachusetts Regulations Chapters 7 and 8. Compl. ¶¶ 27-29, 31-32 [Doc. No. 1-1]. Defendants argue no private cause of action exists under either statute. Def.'s Mem. 7-8 [Doc. No. 20]. Plaintiff concedes that neither provision provides a private cause of action; rather, she merely invoked the statutes to support her other claims. Pl.'s Mem. 19 [Doc. No. 27]. Accordingly, Count I, with respect to 940 CMR ch. 7 and 8 is DISMISSED.

unconscionability articulated there to situations outside the ambit of the code. .
. . The Code states that "if the court as a matter of law finds the contract or any
clause of the contract to have been unconscionable at the time it was made the
court may refuse to enforce the contract, or it may enforce the remainder of the
contract without the unconscionable clause, or it may so limit the application
of any unconscionable clause as to avoid any unconscionable result."

Wright v. Marjem Recovery, LLC, Nos. 13-13–12058–TSH, 13–40108–TSH, 2014 WL

4274528, at *5 (D. Mass. Aug. 27, 2014) (quoting M.G.L. ch. 106, § 2–302(1)) (citing United

Cos. Lending Corp. v. Sargeant, 20 F. Supp. 2d 192, 206 (D. Mass. 1998)). A claim against the

inception of "an unconscionable contract is subject to a six-year statute of limitations." Gozzo v.

Wells Fargo Bank, NA, No. 16-10499-LTS, 2017 WL 1075071, at *2 (D. Mass. Mar. 21, 2017)

(citing Mass. Gen. Laws ch. 260, § 2). Plaintiff claims that under the common law, no statute of

limitations applies when a contract is deemed unconscionable. Pl.'s Mem. 11 [Doc. No. 27].

Plaintiff provides no authority to support her claim.

As discussed above, the discovery rule does not toll causes of action regarding the 2004

mortgage loan because a reasonably diligent person is presumed in Massachusetts to have read

legal documents they sign and are thus on notice of their contents. See Salois, 128 F.3d at 26

n.10. Moreover, Plaintiff reaffirmed the terms of the mortgage loan in 2013 when she obtained a

loan modification. The court finds that Plaintiff cannot now claim that a mortgage loan that was

signed in 2004 and re-signed in 2013 was unconscionable from the start. See Barrasso v. New

Century Mortg. Corp., 91 Mass. App. Ct. 42 (2017) (holding that a borrower who entered into a

loan modification agreement and obtained the benefit of the modification was estopped from

later challenging ownership of the mortgage). Accordingly, Plaintiff's claim based on

unconscionability fails.

In sum, none of Plaintiff's arguments in support of Count I of her Complaint are

prevailing. As such, Defendants' Motion for Judgment on the Pleadings is granted as to Count I.

B.    Plaintiffs' Claims Regarding the Validity of the Note (Count II), Presentment of
the Note (Count III), and Good Faith and Fair Dealing (Count IV)

1.    Improper Foreclosure Procedures Under M.G.L. ch. 244, §§ 35A-35C and
Corresponding Affidavit (Count II)

a.    M.G.L. ch. 244, § 35A

"[Massachusetts] General Laws ch. 244, § 35A, [] gives a mortgagor of residential real
property in the Commonwealth a ninety-day right to cure a payment default before foreclosure
proceedings may be commenced." U.S. Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 422, 5
N.E.3d 882 (2014). A mortgagee is required to send notice of mortgagor's default at least 90
days before starting to accelerate maturity of the unpaid balance. M.G.L. ch. 244, § 35A. Here,
Plaintiff alleges violation of this section but does not assert that a notice was not sent, a deficient
notice was sent, or that she was not given ninety days to cure the payment default. Therefore,
Count II as to violations of M.G.L. ch. 244, § 35A, is dismissed for failure to state a claim.

b.    M.G.L. ch. 244, § 35B

M.G. L. ch. 244, § 35B, "requires creditors of certain mortgage loans to make good faith
efforts to help borrowers avoid foreclosure," and outlines factors a lender can undertake to
demonstrate good faith efforts. HSBC Bank USA, N.A. v. Morris, 490 Mass. 322, 329 n.15
(2022). Under the provision, a lender must certify compliance with 35B in an affidavit and
record it in the registry prior to publishing a notice of a foreclosure sale. M.G.L. ch. 244,
§ 35B(f). The provision also establishes a presumption that a foreclosing party "acted in good
faith" if, prior to noticing a foreclosure sale, it has complied with [§ 35B(b)]" M.G.L. ch. 244,
§ 35B(b)(2). The crux of § 35B(b)'s requirements is that the foreclosing party document the "net
present value of the modified mortgage loan" and "the anticipated net recovery at foreclosure"
and "provide[] a written summary" to the mortgagee. M.G. L. ch. 244, § 35B(b)(2). Additionally,
§ 35B(c) provides that a creditor must notify borrowers of their rights to pursue a modified

mortgage loan. The borrower must then notify the creditor of her "intent to pursue a modified mortgage loan which shall include a statement of the borrower's income and a complete list of total debts and obligations" within thirty days of receipt of the creditor's mandated notice of "the borrower's rights to pursue a modified mortgage loan." M.G.L. ch. 244, § 35B(c).

Here, Plaintiff has pled no specific facts to demonstrate that she supplied Defendants with the requisite statement regarding her income and debts after receiving notice of her right to pursue a modified loan. Accordingly, Plaintiff's cause of action claiming a violation of 35B is dismissed for failure to state a claim.

<blockquote>c.    M.G.L. ch. 244, § 35C</blockquote>

A foreclosing mortgagee must establish that it is the holder of the note or the authorized agent of the note holder at the time of a foreclosure sale by filing an affidavit pursuant to M. G. L. ch. 244, § 35C, in the registry of deeds. See O'Brien v. Wilmington Tr. Nat'l Ass'n as Tr. to CitiBank, N.A., 506 F. Supp. 3d 82, 94–95 (D. Mass. 2020).

Plaintiff claims that Defendants fail to identify the holder of the Note. Compl. ¶ 47 [Doc. No. 1-1]. Defendants assert that their 35B/35C Affidavit establishes that the Trust is the Note-holder. Def.'s Mem. 14 n.6 [Doc. No. 20]. Paragraph 4(b) of the affidavit states that "On [November 14, 2018,] U.S. Bank NA, successor trustee to Wells Fargo Bank, NA, successor to Wachovia Bank, NA, as trustee, for Chase Funding Loan Acquisition Trust, Mortgage Loan Asset-Backed Certificates. Series 2004-OPT1 is: the holder of the promissory note secured by the above-referenced mortgage." Seeley Decl., Ex. E, 35B/35C Affidavit [Doc. No. 21-5]. Because the affidavit was executed in compliance with ch. 183, § 54b, it is presumptively valid. See M.G.L. ch. 183, § 54b.

Accordingly, Plaintiff's claim under M.G.L. ch. 244, § 35C is dismissed.

2.   Deficient or Fraudulent Affidavit and Note

Plaintiff further argues that she and her counsel were shown what was purported to be the original Note, but was in fact a forgery or doctored document. Compl. ¶ 57 [Doc. No. 1-1]. As discussed above, the Note Plaintiff executed waived her right of presentment. State Ct. R. 89, ¶ 10 [Doc. No. 5]. Thus, Defendants had no duty to produce the original document. Moreover, "at the motion to dismiss stage, it is the [Plaintiff's] burden, not [Defendant's], to 'allege sufficient facts to plausibly state a claim that Defendant does not own [her] mortgage.'" Searle v. Nationstar Mortg., LLC, 618 F. Supp. 3d 2, 12 (D. Mass. 2022) (quoting Rice v. Wells Fargo Bank, N.A., 2 F. Supp. 3d 25, 35 (D. Mass. 2014)). To that end, Plaintiff has failed to allege facts showing that Defendant is not the note or mortgage holder.

Moreover, Affidavits that comply with M.G.L. ch. 183, § 54B are "presumptively valid." Gillogly v. Deutsche Bank Nat'l Tr. Co., No. 15-P-1216, 2016 WL 3634236, at *1 (Mass. App. Ct. July 7, 2016) (citing Bank of N.Y. Mellon Corp. v. Wain, 85 Mass. App. Ct. 498, 502–504 (2014)). Plaintiff asserts no specific facts sufficient to overcome that presumption.

Because Plaintiff has failed to state a claim under M.G.L. ch. 244, § 35A, § 35B or § 35C, Count II of Plaintiff's claim is dismissed.

3.   Presentment of Note Pursuant to M.G.L. ch. 106, § 3-501 (Count III)[8]

Under M.G.L. ch. 106, § 3-501(b)(2)(i), based on the Uniform Commercial Code § 3-501, the party to whom a presentment—or payment—demand is made may require exhibition of the instrument relied upon by the demanding party. M.G.L. ch. 106, § 3-504(a)(iv), provides that

---

[8] Plaintiff cited M.G.L. 106, § 3-301, in her complaint, see Compl. ¶ 24 [Doc. No. 1-1], but corrected the citation to M.G.L. ch. 106, § 3-501 in her briefing on the motion for judgment on the pleadings, see Pl.'s Mem. 15 [Doc. No. 27].

Presentment is excused if "the drawer or [e]ndorser whose obligation is being enforced has waived presentment[9]. . . ." Defendants assert Plaintiff expressly waived her right to inspection in the Note. Def.'s Mem. 15 [Doc No. 20] (citing State Ct. R. 89, ¶ 10 [Doc. No. 5] ("I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. Presentment means the right to require the Note Holder to demand payment of amounts due.")). Plaintiff argues that her waiver of such rights evidences the unconscionable nature of the 2004 Mortgage as a contract of adhesion. Pl.'s Mem. 15-16 [Doc. No. 27]. Courts have widely enforced identical language. See, e.g., Rellstab, 396 F. Supp. 3d at 218; Woodby v. Countrywide Home Loans, Inc., No. 15-24101-CIV-GAYLES/TURNOFF, 2016 WL 2988979, at *2 (S.D. Fla. May 24, 2016); Donaldson v. BAC Home Loans Servicing, L.P., 813 F. Supp. 2d 885, 894 (M.D. Tenn. 2011).

This court finds no basis to designate this waiver an unconscionable provision. Accordingly, Count III fails to state a viable claim for which relief may be granted and is thus dismissed.

4.    Breach of Implied Covenant of Good Faith and Fair Dealing (Count IV)

"Every contract implies good faith and fair dealing between the parties to it." Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471 , 583 N.E.2d 806 (1991). "In Massachusetts[,] the covenant provides that neither party shall do anything that will have the effect of destroying or injuring the rights of the other party to receive the fruits of the contract."

---

9 "Even if Plaintiff had not waived this right, however, 'while Massachusetts law requires a mortgagee to possess the note in order to avoid having a foreclosure sale rendered void, it does not require the mortgagee to initiate judicial proceedings or produce the note before doing so.'" Rellstab v. Ditech Fin. LLC, 396 F. Supp. 3d 215, 218–19 (D. Mass. 2019) (quoting Rice, 2 F. Supp. 3d at 36).

Fine v. Guardian Life Ins. Co. of Am. & Park Ave. Secs., 450 F. Supp. 3d 20, 28 (D. Mass.

2020) (internal quotation omitted). "The implied covenant does not . . . operate to create new

contractual rights; it simply ensures that parties to a contract perform the substantive, bargained-

for terms of their agreement and that parties are not unfairly denied express, explicitly bargained-

for benefits." Id. (quoting Don King Prods., Inc. v. Douglas, 742 F. Supp. 741, 767 (S.D.N.Y.

1990) (citations and internal quotations omitted)). To prevail on a claim of breach of the implied

covenant of good faith and fair dealing, a plaintiff need not show an underlying breach of

contract, only that "a party to a contract act[ed] in a manner that, although not expressly

forbidden by any contractual provision, would deprive the other of the right to receive the

benefits under the agreement." Fine, 450 F. Supp. at 28 (quoting Echostar DBS Corp. v.

Gemstar-TV Guide Int'l, Inc., No. 05 Civ. 8510(DAB), 2007 WL 438088, at *7 (S.D.N.Y. Feb.

8, 2007)).

    Plaintiff asserts that Defendants did not act in good faith in the servicing of her mortgage

home loan, its subsequent modification, and their denial of later, additional modification

applications. Compl. ¶¶ 58-61 [Doc. No. 1-1]. Defendants contend that there was no provision in

the mortgage or Loan Modification Agreement terms that required the Defendants to further

modify the loan after the 2013 Modification. Def.'s Mem. 17-18 [Doc. No. 20].

    Plaintiff does not allege that she was denied a benefit of her contractual bargain. Because

the Loan Agreement did not require Defendants to consider or allow loan modification, Plaintiff

has not demonstrated that Defendants' denial of her requests to modify her mortgage constituted

a breach of the implied covenant of good faith and fair dealing. Accordingly, Plaintiff's Count

IV is DISMISSED.

16

**V.      Conclusion**

For the foregoing reasons, Defendants' <u>Motion for Judgment on the Pleadings</u> is

GRANTED.

IT IS SO ORDERED

January 17, 2024                                       <u>/s/Indira Talwani</u>

United States District Judge